17-3972
*United States v. Walters*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of June, two thousand nineteen.

PRESENT: DENNY CHIN,
SUSAN L. CARNEY,
*Circuit Judges*,
BRENDA K. SANNES,
*District Judge.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
*Appellee,*

v.                                                                          17-3972

JAQUAN WALTERS,
*Defendant-Appellant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

* Judge Brenda K. Sannes, of the United States District Court for the Northern District of New York, sitting by designation.

FOR APPELLEE:                          MATTHEW LAROCHE, Assistant
                                       United States Attorney (Karl Metzner,
                                       Assistant United States Attorney, *on the
                                       brief*), *for* Geoffrey S. Berman, United
                                       States Attorney for the Southern District
                                       of New York, New York, New York.

FOR DEFENDANT-APPELLANT:                PAULA JACLYN NOTARI, Law Office
                                       of Paula J. Notari, New York, New York.

Appeal from the United States District Court for the Southern District of

New York (Nathan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Jaquan Walters appeals the judgment of the district

court entered December 4, 2017, convicting him of distributing and possessing with

intent to distribute marijuana, in violation of 21 U.S.C. §§ 812, 841(a)(1), and

841(b)(1)(D), and of murdering another person with a firearm in relation to the

distribution of a controlled substance, in violation of 18 U.S.C. § 924(j)(1).   After

stipulating to most of the offense conduct, the parties proceeded to a three-day bench

trial.   The sole issue at trial (and on this appeal) was whether the killing was murder or

manslaughter, that is, whether Walters acted with malice aforethought.   The district

court concluded that Walters committed the killing with malice aforethought and

sentenced him principally to a total of 300 months' imprisonment.

The following facts are drawn from the parties' stipulation and the district court's factual findings: On August 26, 2015, at approximately 1:00 p.m., Walters provided Lamar Moorer with a $10 bag of marijuana. Moorer refused to pay for it. Moorer punched Walters, and a fistfight between them ensued, which lasted for several minutes. After the fistfight ended, Walters left the scene on his bicycle to retrieve a loaded firearm that had been stowed in a plastic bag on the roof of a nearby building. Approximately six minutes after leaving the altercation with Moorer, Walters returned to the scene with the gun. As the district court concluded, "Mr. Walters walked out between two cars towards Mr. Moorer, slowly and purposely pulled his gun out of the plastic bag, and fired at least five shots in Mr. Moorer's chest. He continued to shoot even after Mr. Moorer had fallen on the ground." App'x at 489.

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## DISCUSSION

Walters challenges the sufficiency of the evidence supporting his conviction for murdering another with a firearm in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(j)(1). In particular, he argues that the government failed to meet its burden of proving beyond a reasonable doubt that the killing was committed with the state of mind necessary for murder.

3

**I.      *Standard of Review***

A defendant challenging a guilty verdict "bears a heavy burden."   *United States v. Martoma*, 894 F.3d 64, 72 (2d Cir. 2017) (internal quotation marks omitted).   "In evaluating a sufficiency challenge, we 'must view the evidence in the light most favorable to the government, crediting every inference that could have been drawn in the government's favor, and deferring to the jury's assessment of witness credibility and its assessment of the weight of the evidence.'"   *Id.* (quoting *United States v. Coplan*, 703 F.3d 46, 62 (2d Cir. 2012)).   "[W]e will uphold the judgment[] of conviction if '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"   *Coplan*, 703 F.3d at 62 (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).   This standard "is exactly the same regardless whether the verdict was rendered by a jury or by a judge after a bench trial."   *United States v. Pierce*, 224 F.3d 158, 164 (2d Cir. 2000) (internal quotation marks omitted).

**II.      *Applicable Law***

To convict a defendant of violating § 924(j), the government must prove that the defendant (1) knowingly participated in a drug trafficking offense (2) during and in relation to which the defendant used a firearm (3) that caused the death of another person (4) in circumstances constituting either murder or manslaughter.   18 U.S.C. §§ 924(c), 924(j)(1)-(2).[1]

---

[1]      If the killing is a murder, as defined in 18 U.S.C. § 1111(a), then § 924(j)(1) applies, which

Murder is the unlawful killing of another with "malice aforethought," and includes both (1) first-degree murder, which encompasses premeditated and felony murder, *see* 18 U.S.C. § 1111(a), and (2) second-degree murder, which requires showing "a heightened disregard for human life," *see United States v. Velazquez*, 246 F.3d 204, 215 (2d Cir. 2001).   Voluntary manslaughter, on the other hand, is the killing of another without malice "[u]pon a sudden quarrel or heat of passion."   18 U.S.C. § 1112(a); *see also United States v. Castillo*, 896 F.3d 141, 151 (2d Cir. 2018).   In other words, "voluntary manslaughter functions . . . like a partial defense to murder," *United States v. Steward*, 880 F.3d 983, 987 (8th Cir. 2018), and "requires a mental state that would be malice except for heat of passion or provocation," *Velazquez*, 246 F.3d at 212 (quoting Leonard B. Sand et al., Modern Federal Jury Instructions ¶ 41.02 (2000) (emphasis omitted)). "[T]he basic inquiry is whether or not at the time of the killing, the reason and judgment of the defendant was obscured or disturbed by passion . . . to such an extent as would cause an ordinarily reasonable person of average disposition to act rashly and without deliberation and from passion rather than judgment."   *Id.* at 210 (internal quotation marks omitted).   The "'heat of passion' defense is normally unavailable after some interval of time has elapsed between the provocation and the response."   *Id.* at 213.   It

provides for a maximum sentence of life imprisonment.   If the killing is a manslaughter, as defined in 18 U.S.C. § 1112, then § 924(j)(2) applies, which provides for a maximum sentence of 15 years' imprisonment.

5

is the government's burden to prove the absence of the heat of passion beyond a reasonable doubt. *See Mullaney v. Wilbur*, 421 U.S. 684, 697-98, 704 (1975).

In addition to the heat of passion defense, some courts recognize the doctrine of "imperfect self-defense," which similarly mitigates murder to voluntary manslaughter where the defendant "intend[ed] to use deadly force in the *unreasonable* belief that he [was] in danger of death or great bodily harm." *United States v. Manuel*, 706 F.2d 908, 915 (9th Cir. 1983) (emphasis added); *see also United States v. Milk*, 447 F.3d 593, 599 (8th Cir. 2006) (noting that "[a]n imperfect self-defense involves the defendant's unreasonable use of deadly force to thwart an assault" and "may be proven by evidence that . . . the defendant unreasonably but truly believed that deadly force was necessary to defend himself"). This Circuit, however, has never held this partial defense to murder to exist at federal common law.

## III.   *Application*

Walters's sole challenge on appeal is that evidence at trial was insufficient to support the district court's conclusion that he killed Moorer with malice aforethought.

First, Walters contends that the government failed to prove beyond a reasonable doubt the absence of the heat of passion. We disagree. The district court found, based on its review of the evidence, that "[a]pproximately six minutes passed between when the fistfight ended and when Mr. Walters killed Mr. Moorer," during

6

which time "any inflamed passions should have been cooled" because "Mr. Walters and Mr. Moorer were separated from each other during this time, giving Mr. Walters time to escape the provocative situation and reflect on his course of action." App'x at 491-92. Instead of merely leaving, however, Walters retrieved a gun from the roof of a nearby building and returned to the scene. *Id.* at 492. After the killing took place, Walters "attempted to hide the gun" and "disposed of his bicycle." *Id.* at 492-93. All of this demonstrated that "Mr. Walters'[s] reason and judgment were not disturbed by passion at the time that he killed Mr. Moorer" and instead demonstrated "a calm, cool, collected man who acted with a motive to kill the person who had just robbed him of marijuana and with whom he had fought." *Id.* at 493. The district court thus concluded that "Mr. Walters'[s] passions did in fact cool down," *id.* at 492, and that the government proved "beyond a reasonable doubt that the heat of passion defense does not apply here," *id.* at 493. The evidence was more than sufficient to support the district court's conclusions.

Second, Walters contends that the government failed to prove beyond a reasonable doubt the absence of a subjective belief that he was in danger of death or great bodily harm. Assuming without deciding that this partial defense to murder exists at federal common law, there was ample proof to support the district court's conclusion that Walters did not hold such a belief. The district court found, based on its review of the evidence, that (1) Walters's conduct during the fistfight showed that he was "frequently the instigator or aggressor," App'x at 500; (2) "after managing to escape

7

the situation," Walters "chose to return and kill Mr. Moorer . . . [and did so] almost immediately and without provocation" after returning to the scene, *id.* at 500-01; (3) Walters's attempts to conceal the killing by attempting to hide the gun and his bicycle indicate "consciousness of guilt and thereby malice," *id.* at 501; (4) Walters shot Moorer "execution style, firing at least five shots at nearly point-blank range" while Moorer was unarmed and talking on his cell phone and continued to fire even after Moorer was lying on the ground, *id.* at 501-02; and (5) "evidence suggest[s] that the true motivation behind the killing was retaliation for Mr. Moorer's failure to pay Mr. Walters for marijuana and their subsequent fight as opposed to genuine fear of Mr. Moorer," *id.* at 502. For all of these reasons, the evidence was more than sufficient to support the district court's conclusion that Walters killed Moorer with malice aforethought and not in the unreasonable belief that "deadly force was necessary to defend himself." *See Milk*, 447 F.3d at 599.

\*     \*     \*

We have considered all of Walters's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8